# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LINDA REED,

      Appellant-Plaintiff,

  -vs-                    Case No. 15-C-920
                          (Adversary No. 15-02259)

JOSEPH L. GRIFFIN, JR.,

      Appellee-Debtor.

## DECISION AND ORDER

Pro se Appellant-Plaintiff Linda Reed ("Reed") has filed an application for a waiver of court filing fees. (ECF No. 1.) The Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule (reprinted in 28 U.S.C. § 1930), effective December 1, 2014, provides in paragraph 14 that the fee for filing an appeal or cross appeal from a judgment, order, or decree is $293, in addition to the $5.00 fee collected when a notice of appeal is filed.

In order to proceed without payment of court filing fees on appeal, a movant must be unable to pay the required fees, 28 U.S.C. § 1915(a)(1), and the appeal must be taken in good faith, 28 U.S.C. § 1915(a)(3).[1] An appeal is

---

[1] Although not directly addressing whether a plaintiff in a bankruptcy adversary proceeding may proceed on appeal without payment of a filing fee, the Court interprets *In re Richmond*, 247 Fed. Appx. 831, 833 (7th Cir. 2007), an unpublished opinion which addressed a creditor's application to bring an adversary proceeding in a pending

not taken in good faith if the claim is objectively frivolous and no reasonable person could suppose that the appeal has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

Reed states she is divorced, lives alone, has received food stamps within the past four weeks and also receives social security benefits. Her total income is $973 and her total expenses are $1,050. At this juncture, she has established that she is unable to a pay the fees for filing the bankruptcy appeal.

Reed appeals the July 16, 2015, Order of the Bankruptcy Court, which dismissed her adversary complaint because she failed to show a good faith basis to maintain that the debt owed to her was not discharged in the debtors' previous bankruptcy*, In re Joseph L. Griffin, Jr., and Lotoya S. Griffin,* No. 05-27208-svk (Bankr. E.D. Wis.); and because she did not make any allegation that would have afforded her standing or a basis to allege that the debtors are not entitled to a discharge. In her moving brief, Reed offers multiple arguments that her alleged debt was not or should not be deemed to have been discharged. At this juncture, the Court cannot determine that her arguments are objectively frivolous. Reed's request for a waiver of court filing fees is granted.

---

Chapter 7 proceeding, as extending to an appeal from an attempt to bring an adversary proceeding.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

Reed's request for a waiver of court filing fees (ECF No. 1) is **GRANTED**.

The Clerk of Court is directed to transmit a courtesy copy of this Order to Bankruptcy Judge G. Michael Halfenger.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**