# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**LINDA REED,**

            Appellant-Plaintiff,

    **-vs-**                    **Case No. 15-C-920**
                                         **(Bankruptcy Case No. 15-24529)**
                                         **(Adversary No. 15-02259)**

**JOSEPH L. GRIFFIN, JR.,**

            Appellee-Debtor.

---

# DECISION AND ORDER

---

Pro se Appellant Linda Reed appeals the July 17, 2015, Order of the bankruptcy court, which dismissed her adversary complaint in the above-captioned action. Pro se appellee Joseph L. Griffin, Jr. filed a motion to dismiss the appeal (ECF No. 10), contending that any debt he owed to Reed was discharged in an earlier bankruptcy proceeding.

## Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158, which allows district courts to hear appeals from final judgments, orders, and decrees of the bankruptcy courts. District courts apply a dual standard of review in bankruptcy appeals—the bankruptcy judge's findings of fact are reviewed for clear error, while conclusions of law are reviewed de novo. *In re Midway Airlines*, 383 F.3d 663, 668 (7th Cir. 2003); *In re*

*Smith,* 286 F.3d 461, 464-65 (7th Cir. 2002). However, where the bankruptcy code commits a decision to the discretion of the bankruptcy court, that decision is reviewed only for an abuse of discretion. *See Wiese v. Cmty Bank of Cent. Wis.,* 552 F.3d 584, 588 (7th Cir. 2009). "[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *Id.* (Citation omitted.)

## Background[1]

This matter involves two bankruptcy filings in the Eastern District of Wisconsin by Appellee-Debtor Joseph L. Griffin, Jr. and his wife, Latoya. The first case, No. 05-27208 (*Griffin I*), was filed under chapter 13 in April 2005 and converted to chapter 7 in April 2008.

Reed had a 2005 small claims money judgment against the Griffins. The Griffins listed Reed and the debt owed her on Schedule F in the *Griffin I* bankruptcy. Reed did not file a complaint seeking a determination that the debt owed to her was nondischargeable, and the Griffins received a chapter 7 discharge of indebtedness on August 8, 2008.

---

[1] The following facts are taken from the Bankruptcy Court's June 15 and July 17, 2015, Orders.

The second case, No. 15-24529 (*Griffin II*), was filed in April 2015. In June, Reed filed an adversary complaint (No. 15-2259) in relation to *Griffin II*, seeking declaration that the small claims debt the Griffins owed her was nondischargeable under 11 U.S.C. § 523(a)(2). (Bankr. R. #1.) Reed also requested that the bankruptcy court waive her filing fee. (Bankr. R. #2.)

By a June 15, 2015, Order, the bankruptcy court informed Reed that the debt she sought to have determined nondischargeable appeared to have been discharged in *Griffin I* and therefore Reed's motion to waive the filing fee was denied for lack of success on the merits of her complaint. (Bankr. R. # 6.) The order also stated that the court would not issue a summons and would dismiss Reed's complaint with prejudice on July 14 unless she showed a good faith basis to maintain that the debt owed to her was not discharged in *Griffin I*.

On July 8, Reed filed a response to the court's order. (Bankr. R. # 8.) The gist of Reed's response was that the debt owed to her was not discharged in *Griffin I* because her claim had not accrued yet, and she relied on Wisconsin's discovery rule for torts, which states that a claim accrues when the victim first discovers her injury. She contended that her claim first arose when she discovered that the debt owed to her was the

- 3 -

result of fraud, which she stated was not until the filing of the 2015 bankruptcy.

The bankruptcy court held that the basis for Reed's claim was the money judgment she obtained in state court in 2005, establishing that Reed discovered her injury — the loss of money due to the Griffins' failure to repay her loan to them — before the Griffins' 2005 bankruptcy. The court further noted that Reed did not argue nor did the record show that she was not listed as a creditor in *Griffin I* or that she did not receive notice of that bankruptcy. Additionally, the court indicated that Reed had conceded her debt was discharged, quoting Reed's statement: "[t]he new filing of the Griffins['] 2015 bankruptcy has triggered [Reed] to investigate their current bankruptcy *and the previous one [in] which the wrongdoers discharged [Reed's] debt.*" (Bankr. R. #9, 2-3.) The court held that the facts Reed presented confirmed that her debt was discharged on August 8, 2008, because she failed to timely file an adversary complaint in *Griffin I* to contest its dischargeability, citing 11 U.S.C. § 523(c)(1) and Fed. R. Bankr. P. 4007(c).

On July 17, the bankruptcy court dismissed Reed's adversary proceeding, holding that she failed to show a good faith basis to maintain that the debt owed to her was not discharged in *Griffin I* and that she did

- 4 -

not make any allegation that would have afforded her standing to allege that the Griffins were not entitled to a discharge in *Griffin II*. The bankruptcy court held "now that her debt has been discharge[d] she is forever enjoined from seeking to collect on it. 11 U.S.C. § 524(a)(1) & (2)." *(Id.* at 3.)

*Analysis*

Reed contends that the bankruptcy court erred when it did not provide her relief.[2] (Appellant Opening Br. 4, ECF No. 5.) Griffin seeks dismissal of the appeal for the following reasons: (1) the debt was discharged in 2008, as reflected by the July 2015, satisfaction of judgment in Reed's underlying state small claims action; (2) Reed has used the legal process to harass the Griffins and their friends and family, which can be verified by a search of Illinois and Wisconsin state court records; and (3) Reed is retaliating against the Griffins by delaying the bankruptcy proceedings in *Griffin II*. Griffin also states that he awaits documentation requested from his former attorney.

Section 524(a), which governs the effect of a discharge, states:

A discharge in a case under this title:

---

[2] Page one of Reed's opening brief also lists issues presented (ECF No. 5); however, those issues are not before this Court because they relate to the merits of her adversary complaint which were not addressed by the decision that Reed is appealing.

- 5 -

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section . . . 727 . . . of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . .

11 U.S.C. § 524(a)(1)-(2).[3] *See In re Bahary,* 528 B.R. 763, 769 (Bankr. N.D. Ill. 2015).

The bankruptcy court dismissed Reed's attempt to file an adversary proceeding in *Griffin II* to pursue her discharged claim. She argues that her claim was timely based on the "discovery rule" as used in Wisconsin tort cases, whereby tort claims "accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first." *Hansen v. A.H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983). The bankruptcy court did not address the merits of Reed's objections to discharge under 11 U.S.C. §§ 523 or 727 because it found that (a) her debt had been discharged and (b) she lacked a legal basis (also referred to as

---

[3] Pursuant to § 103(a) of the Bankruptcy Code, chapters 1, 3, and 5 of the Code apply in cases filed under chapters 7, 11, 12 or 13. For that reason, § 524's discharge injunction applies to the Griffins' 2005 chapter 7 case.

- 6 -

standing) to pursue her contentions. The bankruptcy court's factual findings which are uncontested support that legal conclusion.

The Bankruptcy Code "discharges the debtor from all debts that arose before the date of the order for relief under this chapter." § 727(b). The purpose of the Code is to permit an honest debtor "to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *Vill. San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002) (quoting *Williams v. United States Fid. & Guar. Co.,* 236 U.S. 549, 554-55 (1915)) (internal quotation marks omitted). Exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor, *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011); however, consistent with the Code, bankruptcy protection and discharge may be denied to a debtor who was less than honest. *Grogan v. Garner,* 498 U.S. 279, 286-87 (1991).

The bankruptcy court found that Reed did not allege any basis upon which she would have standing to object to the discharge. A plaintiff bears the burden of establishing that she meets the required elements of standing. *Retired Chi. Police Assoc. v. City of Chi.,* 76 F.3d 856, 862 (7th Cir. 1996) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). "If standing is challenged as a factual matter, the plaintiff must come

- 7 -

forward with 'competent proof'. . . that standing exists." *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). "Competent proof" requires a plaintiff to show that standing exists "by a preponderance of the evidence, or proof to a reasonable probability." *Retired Chi. Police Assoc.*, 76 F.3d at 862.

To challenge dischargeability under §§ 523(a) and 727(a), a plaintiff must first be a creditor of the debtor. *See generally In re Volpert*, 175 B.R. 247, 255-58 (Bankr. N.D. Ill. 1994). With respect to the 2015 bankruptcy, although Reed was listed as a creditor, her debt had been previously discharged in *Griffin I*. Under Wisconsin law, Reed no longer has any outstanding judgment, as reflected by the July 6, 2015, satisfaction of judgment filed in her underlying small claims case.[4] *See id*. Therefore, this Court concludes that the bankruptcy court did not err as a matter of law when it determined that Reed failed to show her debt was not discharged in *Griffin I*, and that she made no allegation that would afford her standing to object to the discharge in *Griffin II*.

In contending that the bankruptcy court erred when it declined to provide her relief, Reed also maintains that although § 524(a) creates a

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice that Reed's judgment in *Reed v. Griffin*, 2004 SC 41178 (Milwaukee Cnty. Cir. Ct.) was satisfied on July 6, 2015, due to bankruptcy.
*See https://wcca.wicourts.gov/* (last visited March 3, 2016).

- 8 -

permanent injunction that prevents a debtor from being liable for prepetition debts once they are discharged, Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Bankr. R. 9024, provides for relief from judgment. While Rule 60(b) relief is an extraordinary remedy and is only granted under exceptional circumstances, *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1204-05 (7th Cir. 1984), under the proper circumstances such relief may be available, *see Disch v. Rasmussen,* 417 F.3d 769, 778-79 (7th Cir 2005); *see also, IRS v. Murphy,* No. 2:14-CV-340-DBH, 2015 WL 790075, at *1 (D. Me. Feb. 24, 2015), appeal dismissed, No. 15-1514 (1st Cir. Nov. 04, 2015).

Request seven on the last page of Reed's response to the bankruptcy court's order is that the bankruptcy court reopen *Griffin I.* That request was not accompanied by any argument or citation to legal authority.[5] It is not the role of the court to develop arguments for parties. *See Fabriko Acquisition Corp. v. Prokos,* 536 F.3d 605, 609 (7th Cir. 2008). Thus, Reed has not demonstrated that the bankruptcy court erred as a matter of law with respect to her summary request to reopen the case.

In light of the foregoing, the bankruptcy court's decision is affirmed,

---

[5] The bankruptcy court's decision does not mention Reed's summary request to reopen *Griffin I* or her mental health problems and disability status as detailed in her July 8, 2015 bankruptcy court filing, which could be considered as basis for relief under Rule 60(b) and/or as a basis for equitable tolling.

- 9 -

and this appeal is dismissed. Consistent with that determination, Griffin's motion to dismiss is also granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Reed's appeal is **DENIED** and the bankruptcy court's July 17, 2015, Order is **AFFIRMED**;

Griffin's motion to dismiss (ECF No. 10) is **GRANTED**;

This appeal is **DISMISSED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 10 -